**HAYNE, MILLER & FARNI, INC., Plaintiff,**

v.

**Charles W. FLUME, D.D.S., S.C., Defined Benefit Plan; Charles W. Flume; Charles W. Flume, D.D.S., S.C., a Wisconsin Professional Corporation; and Nancy Flume, Defendants.**

No. 94–C–406.

United States District Court, E.D. Wisconsin.

May 24, 1995.

Briggs & Morgan by Gregory J. Stenmos, Minneapolis, MN and Michael, Best & Friedrich by Jonathan Margolies, Milwaukee, WI, for plaintiff.

Briol & Wilmes by Gregory L. Wilmes, Minneapolis, MN and Curtis Law Office by Ronald Curtis, Milwaukee, WI, for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

Plaintiff Hayne, Miller & Farni, Inc., ["HMF"] commenced the above-captioned action on April 14, 1994, by filing an application to vacate an arbitration award pursuant to 9 U.S.C. § 10 and Rule 81(a)(3), Federal Rules of Civil Procedure, Wis.Stats. § 788.10 and Minn.Stats. § 572.19. The case was assigned to Magistrate Judge Aaron E. Goodstein for pretrial processing. HMF filed a motion to vacate the arbitration award and the defendants, Charles W. Flume, D.D.S., S.C., Defined Benefit Plan, Dr. Charles W. Flume, Charles W. Flume, D.D.S., S.C., a Wisconsin professional corporation, and Nancy Flume, [the "Flumes"], filed a motion to confirm the arbitration award.

Magistrate Judge Goodstein recommended that the plaintiff's motion be denied and that the defendants' motion be granted. Subsequently, this action was reassigned to this branch for consideration of the parties' motions, and Magistrate Judge Goodstein's recommendation.

■ Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule § 13.03(c), a party may file written objections to a magistrate judge's recommendation within ten days after being served with a copy of the recommendation. *De novo* review of a magistrate judge's recommendation is required only for those portions of the recommendation for which particularized objections, accompanied by legal authority and argument in support of the objections, are made. 28 U.S.C. § 636(b)(1); Local Rule § 13.03(c); *United States v. Molinaro*, 683 F.Supp. 205, 211 (E.D.Wis.1988). Where no objection is made, I will adopt the magistrate judge's findings and recommendation if they are not clearly erroneous or contrary to law. *United States v. Dacri*, 827 F.Supp. 550, 551–552 (E.D.Wis.1993).

In this action, the plaintiff timely filed objections to the magistrate judge's recommendation. After undertaking *de novo* review of the magistrate judge's recommendation in accordance with each of HMF's objections, I find that I concur with all of his recommendations and find no merit to any of the plaintiff's objections.

## I. BACKGROUND

The following facts are set forth in the magistrate judge's recommendation. HMF is a New York corporation with its principal place of business in Minnesota. HMF is a member of the National Association of Securities Dealers (NASD) and is also a registered broker-dealer with the Securities Exchange Commission. James D. Peterson is a registered representative of HMF and is licensed to sell securities in Minnesota.

Dr. Flume is a dentist who operates a dental practice in Wisconsin under the name Dr. Charles W. Flume, D.D.S., S.C., a Wisconsin professional corporation. In late 1986 or early 1987, Dr. Flume sought investment advice for his retirement savings from the now defunct firm of Heiner & Stock. The Charles W. Flume, D.D.S., S.C., Defined Benefit Plan ["the plan"] was established under the Employee Retirement Income Security Act ["ERISA"], 29 U.S.C. § 1001 *et seq.* Dr. Flume is the trustee of the plan; he and his wife, Nancy Flume, are the sole beneficiaries of the plan.

In February 1988, the plan was transferred to Mr. Peterson, then a broker at Heiner & Stock, because the broker who had previously been managing the plan left that firm. The Flumes claim that Mr. Peterson engaged in a trading pattern that was unsuitable for the plan. They also charge that Mr. Peterson encouraged Dr. Flume to allow Mr. Peterson to engage in short term trading to make quick profits. In May 1990, Mr. Peterson transferred the plan and his license to sell securities to HMF. Dr. Flume claims that HMF failed to advise him that the plan contained unsuitable securities upon transfer of the plan to HMF.

Later that same month, Mr. Peterson caused an overdraft in the plan's bank account by purchasing shares of United Systems Technology when the plan did not have sufficient funds to cover the purchase. First Bank Milwaukee, the authorized agent and depository of all securities in the plan, demanded that other securities be sold to pay for the following losses incurred by the plan: (1) the overdraft; (2) the resulting losses on the forced sales; and (3) the lost interest on funds expended to cover the purchase of the United Systems Technology shares.

In June 1993, the Flumes commenced an NASD arbitration asserting various claims against HMF, including common law claims of fraud, breach of fiduciary duty and negligence, ERISA violations, and state and federal securities fraud. The Flumes claimed that the plan incurred losses in excess of $300,000. HMF responded and filed a counterclaim. Both HMF and the Flumes signed Uniform Submission Agreements consenting to arbitration of the dispute in accordance with § 12 of the NASD Code of Arbitration Procedure. In the Submission Agreements both parties agreed "to abide by and perform any award(s)" that might be rendered. A three-person arbitration panel was selected and five days of evidentiary hearings were held in January and February 1994. The panel heard testimony from eight witnesses and received 14 volumes of documents containing more than 2,000 pages. On March 15, 1994, the arbitrators awarded the Flumes $150,000 in damages and $28,034.40 in costs.

HMF filed its motion to vacate the arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 10, the Wisconsin Arbitration Act, Wis.Stat. § 788.10, and the Minnesota Arbitration Act, Minn.Stat. § 572.19. HMF asserts that the arbitration award should be vacated because: (1) the arbitrators were prejudiced against HMF due to misconduct on the part of counsel for the Flumes; (2) the arbitrators exceeded their authority and rendered an award that was excessive, not supported by the evidence and contrary to law; (3) the award evidenced partiality on the part of the arbitrators. The Flumes deny the plaintiff's allegations and seek judicial confirmation of the arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 and the Wisconsin Arbitration Act, Wis.Stat. 788.09.

## II. ANALYSIS

The parties have asserted their positions under both federal and state arbitration law. Magistrate Judge Goodstein applied federal law in his recommendation, because the parties did not insist on the application of a specific law. The plaintiff does not object to the magistrate judge's reliance on federal law. The language of Wis.Stat. § 788.10 is virtually identical to the language of 9 U.S.C. § 10, and the language of Minn.Stat. § 572.19 is substantially similar to the language of the federal act. Consequently, I will rely on federal law in addressing the magistrate judge's recommendation and the plaintiff's objections. HMF requests de novo review of the magistrate judge's determinations that: (1) HMF was not denied a fair hearing due to misconduct on the part of counsel for the Flumes; (2) there was no evident partiality on the part of the arbitrators; and (3) HMF is not entitled to have the arbitration award overturned on the grounds that the arbitrators exceeded their authority.

Pursuant to 9 U.S.C. § 10(a) the court may vacate an arbitration award upon application of any party to the arbitration:

(1) Where the award was procured by corruption, fraud, or undue means.

(2) Where there was evident partiality or corruption in the arbitrators, or either of them.

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

The court's scope of review of the arbitration award is narrow. *Moseley, Hallgarten, Estabrook & Weeden v. Ellis,* 849 F.2d 264, 267 (7th Cir.1988). The arbitration award can be set aside only on the grounds set forth in the Federal Arbitration Act. *Id.* at 267.

## A. MISCONDUCT BY THE FLUMES' COUNSEL

HMF asserts that counsel for the Flumes introduced prejudicial evidence at the arbitration hearing which biased the arbitrators. Specifically, the plaintiff alleges that the Flumes' counsel introduced evidence of an FBI investigation of HMF with regard to HMF's alleged manipulation of Angeion Corporation's stock price. HMF maintains that the introduction of this evidence created an "'aura of guilt' around HMF which could not be erased."

The plaintiff does not allege that the arbitrators engaged in misconduct. *See* 9 U.S.C. § 10(a)(3). Rather, HMF alleges that there was misconduct by the Flume's counsel at the arbitration hearing. Misconduct by a party can be a basis for setting aside an arbitration award. *Robbins v. Day,* 954 F.2d 679, 683 (11th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 201, 121 L.Ed.2d 143 (1992). However, the improper admission of evidence does not warrant vacation of the arbitration award. Arbitrators have wide latitude in conducting arbitration proceedings and are not bound by formal rules of evidence. *Hoteles Condado Beach etc. v. Union De etc.,* 763 F.2d 34, 38 (1st Cir.1985); *Shearson Hayden Stone, Inc. v. Liang,* 653 F.2d 310, 313 (7th Cir.1981) ("Arbitrations are not governed by the rules of evidence."). "In handling evidence an arbitrator need not follow all of the niceties observed by the federal courts." *Bell Aerospace Co. v. Local 516, UAW,* 500 F.2d 921, 923 (2d Cir.1974). Arbitrators may admit evidence which would be unduly prejudicial if admitted in court. *See Bowles Financial Group v. Stifel, Nicolaus & Co.,* 22 F.3d 1010, 1013 (10th Cir.1994).

An arbitrator need only provide the parties with a fundamentally fair hearing. *Id.* at 1012. A fundamentally fair hearing "requires only notice, opportunity to be heard and to present relevant and material evidence and argument before the decision makers, and that the decision makers are not infected with bias." *Bowles,* 22 F.3d at 1013. There is no substantial proof to support HMF's contention that the introduction of

evidence by the Flumes' counsel denied the plaintiff a fundamentally fair hearing.

The plaintiff's reliance on cases involving the introduction of unfairly prejudicial evidence at a court trial is misplaced. Arbitration proceedings are fundamentally different than proceedings in federal court. Arbitration "is a private system of justice offering benefits of reduced delay and expense." *Eljer Mfg., Inc. v. Kowin Development Corp.*, 14 F.3d 1250, 1254 (7th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 2675, 129 L.Ed.2d 810 (1994). The introduction of evidence of the FBI investigation by the Flume's counsel does not justify vacation of the arbitration award.

The plaintiff objects to the magistrate judge's reliance on *Bowles*. HMF asserts that the arbitrators in *Bowles* expressly stated on the record that they would not rely on the allegedly prejudicial information in rendering their decision. While the arbitrators in the case at bar did not make such an assertion, there is no evidence to suggest that they did in fact rely on the allegedly prejudicial information in reaching their decision.

■ The plaintiff claims that the introduction of the allegedly prejudicial evidence was particularly detrimental to their receiving a fair hearing, because arbitrator Vlasak disclosed at the beginning of the arbitration hearing that he had purchased Angeion stock through HMF five or six years before the arbitration and that the investment "didn't turn out particularly well." *Wilmes affidavit*, exhibit 6 at 4. However, Mr. Vlasak also stated that he held no animosity towards HMF and that he had subsequently purchased more of the stock through a local broker. *Id.* After Mr. Vlasak made this disclosure, HMF's counsel stated that HMF had no objection to the composition of the arbitration panel. *Id.* at 6. Where a party was fully aware of facts which could possibly indicate arbitrator partiality at the time of the arbitration hearing and that party fails to make an objection during the course of the hearing, it waives its right to object. *Cook Industries, Inc. v. C. Itoh & Co.*, 449 F.2d 106, 107–108 (2nd Cir.1971), *cert. denied*, 405 U.S. 921, 92 S.Ct. 957, 30 L.Ed.2d 792 (1972);

*see also Health Services Management Corp. v. Hughes*, 975 F.2d 1253, 1263–1264 (7th Cir.1992). I believe that HMF has waived its objection.

## B. PARTIALITY OF THE ARBITRATORS

HMF asserts that the arbitrators were biased against it. It contends that arbitrator Vlasak's comment during the arbitration proceedings that Mr. Peterson was "not exactly a paragon of virtue" shows that the arbitrators were partial to the Flumes.

■ A court may set aside an arbitration award where there is evident partiality in the arbitrators. *See* 9 U.S.C. § 10(a)(2). The court must "adequately consider 'the record,' which would at least include portions of the transcript that contain the alleged instances of evident partiality or other misbehavior, and written submissions in the form of objections, affidavits, etc. by the parties." *Health Services*, 975 F.2d at 1258–1259. The burden of proving partiality rests with HMF, the party asserting the claim. *Reed & Martin, Inc. v. Westinghouse Elec. Corp.*, 439 F.2d 1268, 1275 (2nd Cir.1971). "Evident partiality" requires demonstration of more than a mere appearance of bias. *Health Services*, 975 F.2d at 1264. "The interest or bias ... must be direct, definite and capable of demonstration rather than remote, uncertain or speculative." *Tamari v. Bache Halsey Stuart Inc.*, 619 F.2d 1196, 1200 (7th Cir.), *cert. denied*, 449 U.S. 873, 101 S.Ct. 213, 66 L.Ed.2d 93 (1980). HMF was obliged to prove that a reasonable person would have to conclude that the arbitrators were partial to the Flumes. *See Consolidation Coal v. Local 1643, United Mine Workers*, 48 F.3d 125, 129 (4th Cir.1995).

■ In response to an objection by HMF's counsel, Mr. Stenmoe, and a response to that objection by counsel for the Flumes, Mr. Briol, arbitrator Vlasak stated:

I think we're getting quite far afield. It seems that you [Mr. Briol] have demonstrated that Mr. Peterson was not exactly a paragon of virtue with his conduct of his affairs and what he did wrong with respect to numerous other accounts has questiona-

ble relevance as far as this hearing is concerned.

*Stenmoe affidavit,* exhibit A at 6. This statement by arbitrator Vlasak shows that his assessment of Mr. Peterson was drawn from the evidence which was presented to the arbitration panel; it does not show that Mr. Vlasak was partial to the Flumes. An arbitrator may develop an opinion during the course of the hearing and even express it. *Fairchild & Co. v. Richmond F. & P.R. Co.,* 516 F.Supp. 1305, 1313 (D.D.C.1981). The plaintiff has not met its burden of establishing evident partiality.

■ Mr. Vlasak's business dealings with HMF, discussed above, are also insufficient to show partiality. The relationship between the arbitrator and one of the parties must be "so intimate—personally, socially, professionally, or financially—as to cast doubt on" the arbitrator's impartiality. *Health Services,* 975 F.2d at 1264. Mr. Vlasak's purchase of some stock through HMF five or six years before the arbitration is not an "intimate" relationship which would cast doubt on his impartiality.

## C. WHETHER THE ARBITRATORS EXCEEDED THEIR POWERS

HMF objects to the magistrate judge's determination that he was unable to find that the arbitrators had exceeded their power. HMF contends that the Flumes' common law claims were preempted by ERISA; the Flumes' ERISA claims were not cognizable as a matter of law; the Flumes' securities law claims were barred by the applicable three-year statute of limitations; and that the Flumes had waived their right to bring the claims. HMF also contends that the arbitrators' alleged disregard of the law, combined with "clear evidence of party misconduct and partiality by the arbitrators" warrants vacation of the arbitration award.

The court of appeals for the seventh circuit has recently expressed its disapproval of the standard whereby arbitral awards could be set aside for a "manifest disregard of the law." *Baravati v. Josephthal, Lyon & Ross, Inc.,* 28 F.3d 704, 706 (7th Cir.1994). In *Baravati,* the court stated that the sole grounds for setting aside an arbitration award are found within the federal arbitration statute, and that the court would only consider whether the arbitrators exceeded their powers. *Id.* A party cannot use issues of an arbitrator's authority as a ruse for obtaining judicial review on the merits of the arbitrator's decision. *Flender Corp. v. Techna–Quip Co.,* 953 F.2d 273, 278 (7th Cir. 1992). Consequently, in order to substantiate its request for vacatur of the award, HMF must show that the arbitrators exceeded their powers; it has failed to do so.

■ An arbitration award may not be set aside for factual or legal errors. *National Wrecking Co. v. International Brotherhood of Teamsters, Local 731,* 990 F.2d 957, 960 (7th Cir.1993). Here the arbitrators did not set forth any findings of fact or conclusions of law to support their decision. However, arbitrators are not required to provide reasons for their decision. *Eljer,* 14 F.3d at 1254. As stated by the magistrate judge, and the court of appeals in *Eljer,* even if a party's legal defenses were dispositive, and were erroneously rejected by the arbitrator, the award cannot be vacated on that basis alone. *Id.* The arbitrators in this case did not provide reasons for their decision, and their lump sum award is presumed to be correct. *Robbins,* 954 F.2d at 684.

HMF contends that the arbitrators' alleged disregard of the law combined with the evidence of party misconduct and partiality of the arbitrators warrants vacation of the award. However, the plaintiff's arguments as to misconduct and partiality are unpersuasive; the addition of a third unpersuasive argument does not provide grounds for setting aside the award.

## D. INTEREST ON THE ARBITRATION AWARD

Magistrate Judge Goodstein recommended awarding the Flumes 5% interest on their arbitration award pursuant to § 41(h) of the NASD Code of Arbitration Procedure, which states that interest on an arbitration award which is subject to an unsuccessful motion to vacate shall be assessed at the prevailing legal rate in the state in which the award is rendered. The prevailing rate of interest in Wisconsin is 5%. Wis.Stat. § 138.04. The

plaintiff did not object to the award of interest. The magistrate judge's recommendation of the interest award is not clearly erroneous or contrary to law; it will be adopted.

### III. CONCLUSION

HMF's objections to Magistrate Judge Goodstein's recommendation are without merit. The plaintiff agreed to the submission of this matter to arbitration, thereby waiving its right to judicial resolution of the claims asserted by the Flumes. "Arbitration does not provide a system of 'junior varsity trial courts' offering the losing party complete and rigorous *de novo* review." *Eljer*, 14 F.3d at 1254. I thus conclude, as the magistrate judge recommends, that the arbitration award should be confirmed.

### ORDER

Therefore, IT IS ORDERED that Magistrate Judge Goodstein's recommendation be and hereby is adopted.

IT IS ALSO ORDERED that HMF's motion to vacate the arbitration award be and hereby is denied.

IT IS FURTHER ORDERED that the Flumes' motion to confirm the arbitration award be and hereby is granted.

IT IS FURTHER ORDERED that the Flumes be and hereby are awarded interest on their arbitration award at the rate of 5% from the date of the award.

IT IS FURTHER ORDERED that the clerk of court be and hereby is directed, pursuant to Rule 58, Federal Rules of Civil Procedure, to enter judgment, with costs, in favor of the Flumes and against HMF in the amount of $178,034.40, plus interest at the legal rate of 5% from the date of the arbitration award.

GOODSTEIN, United States Magistrate Judge.

The plaintiff, Hayne, Miller & Farni, Inc. (HMF) commenced this action seeking to vacate an arbitration award in favor of defendants, Charles W. Flume, D.D.S., S.C., Defined Benefit Plan, Dr. Charles W. Flume, Charles W. Flume D.D.S., S.C., a Wisconsin professional corporation, and Nancy Flume.

Defendants will be referred to collectively as "Flume". This case was randomly assigned to this court for all pretrial processing. Since there has not been consent of all parties to magistrate judge jurisdiction, this court has limited jurisdiction. 28 U.S.C. § 636(b)(1)(B). Presently before the court is the plaintiff's motion to vacate, and the defendants' motion to confirm the arbitration award, both of which have been fully briefed and are ready for resolution.

### Facts

Hayne, Miller and Farni, Inc. is a New York corporation with its principal place of business in Minnesota. HMF is a member of the National Association of Securities Dealers (NASD) and is licensed to sell securities in Minnesota and Wisconsin. HMF is also a registered broker-dealer with the Securities Exchange Commission. James D. Peterson (Peterson) is a registered representative of HMF, licensed to sell securities in Minnesota.

Dr. Charles W. Flume is a dentist and operates a dental practice in Wisconsin under the name Dr. Charles W. Flume D.D.S., S.C., a Wisconsin professional corporation. In late 1986 or early 1987, Dr. Flume sought professional investment advice for his retirement savings from the now defunct firm of Heiner & Stock. The Charles W. Flume D.D.S., S.C., Defined Benefit Plan (the Plan) was established under 29 U.S.C. § 1001 et seq. of the Employment Retirement Income Security Act (ERISA). Dr. Flume is the trustee of the Plan, and he and his wife, Nancy Flume, are the sole beneficiaries.

In February, 1988, the Plan was transferred to James D. Peterson, a different broker at Heiner & Stock, because the original broker in charge of the Plan left the firm. Flume claims that Peterson engaged in an unsuitable trading pattern for the Plan, and that Peterson encouraged Dr. Flume to allow Peterson to engage in short term trading to make quick profits. In May, 1990, Peterson transferred the Plan and his license to sell securities to HMF. Dr. Flume claims that HMF did not warn him that the Plan contained unsuitable securities or inappropriate concentrations of securities upon the Plan's

arrival at HMF. Later that same month, Peterson caused an overdraft in the Plan's bank account by purchasing shares of United Systems Technology when the Plan did not have the money to cover the purchase. First Bank Milwaukee, the authorized agent and depository of all securities in the Plan, then demanded that other securities be sold to pay for the following losses in the Plan: the overdraft; the resulting losses on the forced sales; and the lost interest on funds expended to cover the purchase of the United Systems Technology shares.

On or about June 1993, Flume commenced arbitration before the NASD asserting various claims against HMF, including violations under ERISA, federal securities fraud, Minnesota and Wisconsin state common law fraud claims, breach of fiduciary duty, negligence, and state securities fraud. Flume claimed that the Plan incurred losses in excess of $300,000. HMF responded and filed a counterclaim. Both parties signed Uniform Submission Agreements consenting to arbitrate the dispute in accordance with section 12 of the NASD Code of Arbitration Procedure. In the Submission Agreements both parties agreed "to abide by and perform any award(s)" that might be rendered. A three-person arbitration panel was selected, and five days of evidentiary hearings were held in January and February of 1994. The panel heard testimony from 8 witnesses and received 14 volumes of documents containing more than 2,000 pages. On March 15, 1994, the arbitrators awarded Flume $150,000.00 in damages and $28,034.40 in costs (NASD Arbitration Award No. 93–02415).

HMF files this motion to vacate the NASD arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 10, the Wisconsin Arbitration Act, Wis.Stat. § 788.10, and the Minnesota Arbitration Act, Minn.Stat. § 572.19. HMF maintains that the award should be vacated because the arbitrators were prejudiced by the misconduct of Flume's counsel, that the arbitrators exceeded their power and rendered an excessive award not supported by evidence or the law, and that the arbitrators were partial to Flume. Flume denies these allegations, and seeks judicial confirmation of the NASD arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 and the Wisconsin Arbitration Act, Wis.Stat. § 788.09.

## Discussion

The parties have asserted their positions under both federal and state law governing arbitration awards. The federal and state provisions relating to the vacation or confirmation of an arbitration award contain identical language. *See*, 9 U.S.C. §§ 9–10, Wis. Stats. §§ 788.09–.10, and Minn.Stat. §§ 572.18–.19. Both provide very limited and specific grounds upon which a court can vacate an arbitration award. Since the parties have not insisted upon the application of a specific law, and the federal and state statutes contain identical language, the court will apply the Federal Arbitration Act and federal law in its discussion. *Southland Corp. v. Keating*, 465 U.S. 1, 12, 104 S.Ct. 852, 859, 79 L.Ed.2d 1 (1984) (federal substantive law is to be used in conjunction with the Federal Arbitration Act, 9 U.S.C. § 1 et seq.). See also, *Baravati v. Josephthal, Lyon & Ross, Inc.*, 28 F.3d 704, 707 (7th Cir.1994).

Section 10 of the Act expressly limits a federal court's power to vacate an arbitration award. The statutory language of section 10 provides, in part, as follows:

§ 10. **Same; vacation; grounds; rehearing**

In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

(b) Where there was evident partiality or corruption in the arbitrators, or either of them.

(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Federal courts "will not set aside an arbitrator's award for factual or legal errors," *National Wrecking Co. v. International Brotherhood of Teamsters, Local 731*, 990 F.2d 957, 960 (7th Cir.1993), nor will "an insufficiency of evidence supporting the decision permit [the court] to disturb the arbitrator's order." *Eljer Mfg., Inc. v. Kowin Development Corp.*, 14 F.3d 1250, 1254 (7th Cir.1994), *cert. denied*, —— U.S. ——, 114 S.Ct. 2675, 129 L.Ed.2d 810 (1994). Not all arbitration awards are upheld; for example, an arbitration award may be vacated if the "arbitrators exceeded their powers." *Baravati v. Josephthal, Lyon & Ross, Inc.*, 28 F.3d at 706; *see also,* 9 U.S.C. § 10(d), *compare with* Wis.Stat. § 788.10(1)(d), Minn.Stat. § 572.19(1)(3). Arbitration is a "private system of justice," intended to produce a faster, less expensive method of dispute resolution, and not intended to be the initial step to judicial review. *Eljer Mfg.*, 14 F.3d at 1254.

HMF claims that the arbitration award in favor of Flume should be vacated because the arbitrators were prejudiced by the misconduct of Flume's counsel, the arbitrators exceeded their power and rendered an award not supported by the evidence and contrary to the law, and the arbitrators were partial to Flume. The court will consider these arguments in turn.

HMF claims that Flume's counsel caused the arbitrators to be prejudiced against HMF, thus causing HMF to be denied a fair hearing. It is true that the statute permits an arbitration award to be vacated for "misconduct pertaining to the proceedings on the part of the "arbitrators or *the parties.*" *Robbins v. Day*, 954 F.2d 679, 683 (11th Cir.1992) (emphasis added), 9 U.S.C. § 10(c). Courts require that the arbitrator provide the parties with a fundamentally fair hearing. A fundamentally fair hearing requires only notice, opportunity to be heard and present evidence, and impartial decisionmaking. *Bowles Financial Group v. Stifel, Nicolaus & Co.*, 22 F.3d 1010, 1013 (10th Cir.1994). Arbitration proceedings, however, are not governed by judicial rules of procedure or evidence, and the "court has no power to judicially impose our rules of evidence on an arbitration proceeding." *Id.,* at 1013.

HMF claims that Flume's counsel prejudiced the arbitrators by repeatedly making references to an alleged FBI investigation of HMF and Angeion (a stock that HMF traded) over the objections of HMF counsel. Additionally, HMF claims that, over objection, information regarding Peterson's conduct with other HMF accounts, together with other prejudicial and unsubstantiated newspaper articles, were introduced by Flume's counsel for the purposes of tainting the proceedings. HMF has provided the court with copies of the arbitration transcript detailing the FBI investigations and other alleged prejudicial references made by Flume's counsel, including the two newspaper articles, and the objection made by HMF"s counsel.

As previously stated, the court's authority is severely limited when determining whether to confirm or vacate an arbitration award. The court does have a duty, however, to "adequately consider the record which would at least include portions of the transcript that contain the alleged instances of evident partiality or other misbehavior, and any written submissions in the form of objections, affidavits, etc. by the parties." *Health Services Management Corp. v. Hughes*, 975 F.2d 1253, 1259 (7th Cir.1992). The burden of proof as to the claim of partiality rests with the party asserting the claim, here, HMF. *Id.,* at 1258 n. 3. HMF needs to "demonstrate more than an appearance of impropriety," . . . and must present specific facts which establish that the "'arbitrator's conduct was so biased and prejudiced as to destroy fundamental fairness.'" *Atlantic Shores Resort Joint Venture v. Martin*, 731 F.Supp. 1279, 1282–83 (D.S.C.1990) (citations omitted).

HMF argues that the comment of one of the arbitrators, Arthur Vlasak, that Peterson was "not exactly a paragon of virtue," made following the HMF objection, shows that arbitrator Vlasak was prejudiced by the evidence introduced by Flume's counsel. (Stenmoe Aff. Ex. A at 6). Arbitrators are not bound by the judicial rules of evidence, and may admit evidence that may otherwise be found to be unduly prejudicial in court. *Bowles Financial Group*, 22 F.3d at 1013. The introduction of evidence concerning Pe-

terson's activities and the FBI investigation is therefore valid. Moreover, since speed and informality are advantages of arbitration, "during the course of a hearing, it is to be expected that an arbitrator may develop an opinion and perhaps even express it." *Fairchild & Co. v. Richmond, F. & P.R. Co.*, 516 F.Supp. 1305, 1313 (D.D.C.1981). As long as the arbitrator's opinion "arises from the evidence," HMF cannot claim that the arbitrator's expressed opinion amounts to bias. *Ballantine Books, Inc. v. Capital Distributing Co.*, 302 F.2d 17, 21 (2d Cir.1962). Arbitrator Vlasak allowed only limited questioning into the area concerning Peterson's other accounts, stating that "what he [Mr. Peterson] did wrong with respect to numerous other accounts has questionable relevance as far as this hearing is concerned." (Stenmoe Aff. Ex. A at 6). For these reasons HMF has failed to establish that the conduct of Flume's counsel prejudiced arbitrator Vlasak, denying HMF the right to a fair hearing. The arbitration award, therefore, should not be vacated for the alleged misconduct of Flume's counsel.

HMF claims that the arbitrators exceeded their power and rendered an award not supported by the evidence and contrary to the law. HMF claims that the award was not supported by the evidence or the law because Flume's common law claims were preempted by ERISA; Flume's ERISA claims were not cognizable because neither HMF nor Peterson was a fiduciary of the Plan; Flume's securities fraud claims were barred by the statute of limitations; and Flume's waived their rights to bring a claim against HMF.

HMF argues that an arbitration award may be set aside due to the arbitrator's "manifest disregard of the law." The Seventh Circuit, along with other federal courts, have abandoned this standard, and apply the statutory formula, where by an arbitration award may be set aside if the "arbitrators exceeded their powers." *Baravati*, 28 F.3d at 706; *Robbins v. Day*, 954 F.2d 679, 684 (11th Cir.1992); *Stroh Container Co. v. Delphi Indus., Inc.*, 783 F.2d 743, 750 (8th Cir. 1986); 9 U.S.C. § 10(d); Wis.Stat. § 788.10(1)(d); Minn.Stat. § 572.19(1)(3).

Here, the arbitrators have not provided findings or reasons supporting their decision in favor of Flume. An arbitrator, however, is "simply not required to state the reasons for his decision." *Eljer Mfg., Inc.*, 14 F.3d at 1254. To require this would only "perpetuate the delay and expense" which arbitration is designed to prevent. *Id.* A lump sum arbitration award, therefore, is presumed to be correct. *Robbins*, 954 F.2d at 684. "Even if [the party's] legal defenses were dispositive, the fact that the arbitrator erroneously rejected them, does not by itself, provide grounds for" the award to be vacated. *Eljer Mfg. Inc.* at 1255. As previously stated, federal courts "will not set aside an arbitrator's award for factual or legal errors," *National Wrecking Co.*, 990 F.2d at 960, nor will "an insufficiency of evidence supporting the decision permit [the court] to disturb the arbitrator's order." *Eljer Mfg., Inc.*, 14 F.3d at 1254. The arbitration award, therefore, should not be vacated since the court is unable to find that the arbitrators exceeded their power in rendering an award for Flume.

HMF claims that there was evident partiality on the part of arbitrator Vlasak because he was bitter over losses he incurred from an Angeion stock transaction with HMF almost 5–6 years earlier. Arbitrator Vlasak disclosed his prior dealings with HMF to both parties at the outset of the hearing, stating that he did not feel the transaction was of any consequence, and neither party objected. Next, Vlasak asked if the parties were satisfied with the composition of the panel, again neither party objected. The panel was then sworn in, and the hearing began. (Wilmes Aff. Ex. 6 at 4–7).

To vacate an award for evident partiality, HMF "must establish specific facts which indicate improper motives on the part of the Board." *Atlantic Shores Resort*, 731 F.Supp. at 1283, 9 U.S.C. § 10(b). This requires that HMF establish "more than a mere appearance of bias." *Health Services Management*, 975 F.2d at 1264. The Seventh Circuit has held that an arbitrator will not be disqualified for "the mere fact that there was some prior business relationship" between the parties. *Id.*, at 1264. It requires that the dealings between the arbitrators and the parties

be "so intimate—personally, socially, professionally, or financially—as to cast serious doubt on the arbitrator's impartiality. *Id.* Arbitrator Vlasak's prior dealings with HMF some 5–6 years ago does not rise to the level of "intimate" dealings that would create evident partiality on the part of Vlasak. *Morelite Constr. v. New York City Dist. Council Carpenters.*, 748 F.2d 79, 84 (2d Cir.1984) (arbitration award vacated because father (arbitrator)-son (party to arbitration) relationship not disclosed). The arbitration award, therefore, should not be vacated since the court is unable to find that arbitrator Vlasak was partial to Flume.

Under the NASD code, HMF must pay the legal rate of interest prevailing in the state from the date of the award, if the award is not paid within 30 days, or if a motion to vacate is denied. (NASD Rule 41(h), Wilmes Aff. Ex. 5) The legal rate of interest in Wisconsin is 5%. Wis.Stat. § 138.04, *see also, Diversified Management Servs. v. Slotten,* 119 Wis.2d 441, 351 N.W.2d 176, 181 (Ct.App.1984) ("Where no interest rate is clearly expressed in writing, the interest on obligations runs at the legal rate of five percent per year.").

For the reasons set forth above,

**IT IS HEREBY RECOMMENDED** that HMF's motion to vacate the arbitration award be DENIED.

**IT IS FURTHER RECOMMENDED** that Flume's motion to confirm the arbitration award be GRANTED, together with interest at the legal rate of 5% from the date of the award.

Any objection to this decision must be filed with the Clerk of Court in duplicate within ten days of this date. Failure to file an objection within the specified time waives the right to appeal the district court's order on all factual and legal issues. The Clerk of Court is directed to reassign this case to a district judge for the purpose of considering this recommendation and objections thereto.

Dated at Milwaukee, Wisconsin, this 27th day of April, 1995.