**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 6, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CAN D. GIDDING, an individual,

      Petitioner - Appellant,

v.

TIMOTHY W. FITZ, an individual;
KELLY E. FITZ, an individual,

      Respondents Counter Movants -
      Appellees,

v.

CAN D. GIDDING, a/k/a Can Danny
Gidding, a/k/a John Gidding; GIDDING &
SPENCER; FOUR YEAR GAP, LLC;
MIDSHORE MARKETING, INC.;
JANUS ARCH,

      Counter Respondents.

No. 18-1106
(D.C. No. 1:17-CV-01334-RM-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Can D. Gidding appeals from the district court's denial of his motion to vacate an arbitration award and grant of appellees' motion to confirm the award. Exercising jurisdiction under 28 U.S.C. § 1291,[1] we affirm.

## I. BACKGROUND

Gidding is a designer who has appeared on shows on the HGTV cable channel. Appellees Timothy and Kelly Fitz wanted to renovate a house in Denver, Colorado. Understanding that Gidding was doing business as a designer and architect through a company called Midshore Marketing, Inc., the Fitzes signed a contract with Midshore for the renovation project. Over time, other entities related to Gidding (including Four Year Gap, LLC, and Gidding & Spencer) also were involved in the renovation. The project went poorly, and the Fitzes ultimately terminated the contract. By the time the Fitzes were able to move into their house, the project was eighteen months late and hundreds of thousands of dollars over budget.

In May 2015, Midshore brought an arbitration proceeding against Mr. Fitz for unpaid monies. The arbitration was conducted under the American Arbitration Association's (AAA) Construction Industry Arbitration Rules (CIAR) effective as of October 1, 2009. Midshore and Mr. Fitz consulted on appointing an arbitrator, and the AAA appointed one. But the arbitration soon expanded beyond the two opposing parties. With the Fitzes' consent, Ms. Fitz was added as a respondent. And in

---

[1] We initially questioned our jurisdiction because the district court had not entered judgment as to all parties when Gidding filed his notice of appeal. The district court later entered a final, appealable judgment.

2

addition to bringing counterclaims against Midshore, the Fitzes sought to join Gidding, Four Year Gap, and Gidding & Spencer as counter respondents. Pursuant to CIAR R-7, the AAA appointed a different arbitrator to consider joinder. In September 2015, the R-7 arbitrator ordered the joinder of Gidding and the other parties. The joinder did not disturb the previous appointment of the merits arbitrator.

Gidding limited his participation in the arbitration. He did not file an answer to the counterclaims. He appeared at December 2015 conferences through counsel, but counsel withdrew their appearance for Gidding in February 2016. Gidding then failed to appear for a May 2016 preliminary hearing, at which the arbitrator set the merits hearing for February 2017. On February 10, 2017, three days before the arbitration hearing was to begin, Gidding e-mailed the AAA, the arbitrator, and the parties, rejecting the arbitrator's jurisdiction and declining to participate.

By the hearing date, only the Fitzes' counterclaims were at issue. The Fitzes were the only parties to attend the hearing. After they presented their case, the arbitrator found in their favor and issued a final award making Gidding and the various entities jointly and severally liable to pay $819,926.66.

Gidding moved the federal district court to vacate the award. The Fitzes responded and moved the district court to confirm the award. The magistrate judge recommended that the award be confirmed. The district court agreed, granted the motion to confirm, and denied the motion to vacate. Gidding now appeals.

## II.     ANALYSIS

"Under the Federal Arbitration Act (FAA), we may vacate an arbitrator's decision only in very unusual circumstances." *THI of N.M. at Vida Encantada, LLC v. Lovato*, 864 F.3d 1080, 1082 (10th Cir. 2017) (internal quotation marks omitted). "[W]e review legal questions de novo and factual findings for clear error." *Id.* at 1083 (internal quotation marks omitted). "Our task is to assess whether the district court correctly followed the restrictive standard that governs judicial review of an arbitrator's award." *Id.*

"Our review of the [arbitrator's] decision under the FAA is strictly limited; this highly deferential standard has been described as among the narrowest known to the law." *Bowen v. Amoco Pipeline Co.*, 254 F.3d 925, 932 (10th Cir. 2001) (internal quotation marks omitted). "Mindful of the strong federal policy favoring arbitration, a court may grant a motion to vacate an arbitration award only in the limited circumstances provided in § 10 of the FAA, 9 U.S.C. § 10, or in accordance with a few judicially created exceptions." *Bowen*, 254 F.3d at 932. FAA § 10 allows vacatur where (1) "the award was procured by corruption, fraud, or undue means"; (2) "there was evident partiality or corruption in the arbitrators"; (3) the arbitrators were guilty of certain misconduct or misbehavior that prejudiced the parties; or (4) "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10. The judicially created exceptions include "a basic requirement that an

arbitrator must grant the parties a fundamentally fair hearing." *Bowles Fin. Grp., Inc. v. Stifel, Nicolaus & Co.*, 22 F.3d 1010, 1012-13 (10th Cir. 1994).[2]

Before the district court, Gidding alleged numerous deficiencies in the arbitration proceeding, but on appeal he has narrowed his objections down to the appointment of the merits arbitrator before he was joined in the arbitration. He asserts that the appointment violated the CIAR, and therefore the parties' agreement, and deprived him of his right to participate in the selection of the arbitrator. As a result, he asserts, the proceeding was not fundamentally fair. The district court held that the pre-joinder appointment did not justify vacating the arbitration award. It rejected Gidding's reliance on *CEEG (Shanghai) Solar Science & Technology Co. v. LUMOS LLC*, 829 F.3d 1201 (10th Cir. 2016), because that case did not involve an award that was subject to confirmation under the FAA.

We affirm the grant of the motion to confirm and the denial of the motion to vacate for substantially the reasons discussed by the district court. The district court correctly distinguished *CEEG*, in which this court held a party had been deprived of proper notice of an arbitration and therefore deprived of the opportunity to participate in selecting arbitrators, *id.* at 1207-08. As the district court pointed out, *CEEG* did not involve the FAA, but instead came under the Convention on the Recognition and

---

[2] This court has recognized that another of the judicially created exceptions (manifest disregard of the law) may no longer be viable in light of *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 585, 587 (2008). *See THI of N.M. at Vida Encantada, LLC*, 864 F.3d at 1085 & n.1. Given that Gidding is not entitled to relief, we need not decide in this case what, if any, effect *Hall Street* may have on the fundamental fairness exception.

Enforcement of Foreign Arbitral Awards (the New York Convention). The New York Convention provides different defenses than the FAA, including a defense of "improper composition of the arbitral tribunal." *Id.* at 1207. Therefore, as the district court held, *CEEG* did not establish that Gidding had a right under the FAA to vacate the arbitration award.

There is no indication that the appointment of the merits arbitrator before Gidding's joinder resulted in a fundamentally unfair hearing. *See Bowles Fin. Grp.*, 22 F.3d at 1013 ("The courts seem to agree that a fundamentally fair hearing requires only notice, opportunity to be heard and to present relevant and material evidence and argument before the decision makers, and that the decisionmakers are not infected with bias."). Further, on appeal the Fitzes offer a new, but persuasive, reason to affirm: that Gidding failed to avail himself of an arbitral remedy for the alleged due process violation.[3] Specifically, CIAR R-7(c) provides that, "[i]f the R-7 arbitrator determines . . . that the joinder of additional parties is permissible, that arbitrator may also establish a process for selecting arbitrators for any ongoing or newly constituted case." As the Fitzes point out in their appellate response brief, during the arbitration Gidding failed to object to the merits arbitrator and failed to invoke CIAR R-7(c). In his reply brief, Gidding denies the existence of CIAR R-7(c) (despite it appearing in the copy of the CIAR that he attached to his opening brief)

---

[3] "[W]e may affirm on an unpreserved ground if doing so is fair to appellant." *United States v. Iverson*, 818 F.3d 1015, 1022 (10th Cir. 2016). We see no unfairness to Gidding, who had the opportunity to respond to the Fitzes' argument in his reply brief. CIAR R-7(c) presents no complex legal or factual issues. *See id.*

and maintains that he was without a remedy because the merits arbitrator had been appointed before he was joined in the arbitration. In light of the plain text of CIAR R-7(c), Gidding's bare denial is not persuasive. Gidding's failure to invoke CIAR R-7(c) in the arbitration is fatal to his claim to have been denied due process through the pre-joinder selection of the arbitrator.

## III. CONCLUSION

The Fitzes' motion for leave to file a sur-reply is denied. The district court's judgment is affirmed.

Entered for the Court


Gregory A. Phillips
Circuit Judge

7