**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 3, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MARY JANE COX,

　　Plaintiff - Appellee,

v.

DEX MEDIA, INC., a Delaware
corporation,

　　Defendant - Appellant.

No. 21-1156
(D.C. No. 1:18-CV-01817-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **KELLY**, and **CARSON**, Circuit Judges.
_____

The Federal Arbitration Act (FAA) provides parties the opportunity to avoid the expense and delay of litigation. Mindful of this, we uphold arbitration awards so long as the substance of the decision honors the parties' arbitration agreement and follows the law. Here, the parties agreed to arbitrate an employment dispute. The losing party now challenges the arbitration award. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's confirmation of the award.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Plaintiff Mary Jane Cox, who is in her 60s, worked for Defendant Dex Media (and its predecessor entities) for fourteen years until she resigned after Defendant demoted her from a sales director to a sales representative.  Plaintiff sued Defendant under the Age Discrimination in Employment Act (ADEA) and the Americans with Disabilities Act (ADA), alleging that Defendant constructively discharged her because of her age and disability.[1]  She alleged that the company recently voiced a preference for hiring younger employees and did not demote younger sales directors even though she outperformed them.

The parties previously agreed to arbitrate employment disputes.  So they jointly moved to close the civil action and begin arbitration.  Their agreement provided that "the arbitrator shall have no authority to add to, detract from, change, amend, or modify existing law."  It also required the arbitrator to put her award in writing, including the "essential findings and conclusions."

The arbitrator found in Plaintiff's favor on her ADEA claim.  The arbitrator noted that although she "considered all the evidence," she did not "specifically reference[ ]" the "majority of the evidence" in her analysis.  She then found that Plaintiff established a prima facie case of age discrimination that Defendant failed to

---

[1] Plaintiff suffered a heart attack during the time she worked for Defendant and claims that once she returned to work, Defendant and its employees treated her differently.  But the arbitrator found Plaintiff did not present enough evidence to prove her ADA claim.  Because the arbitrator found in Plaintiff's favor only on her ADEA claim, we will focus on this claim throughout our discussion and analysis.

2

refute with a legitimate, nondiscriminatory reason for demoting her.  The arbitrator also rejected Defendant's argument that Plaintiff "must show age discrimination was the 'but for' factor" for Defendant's action, finding the argument "not correct and misleading."

In some ways, the arbitrator let the facts speak for themselves.  She described Defendant's transition to recruiting younger, more digitally savvy employees.  She detailed Plaintiff's successful career with Defendant, even after Defendant removed all of Plaintiff's highest performing sale representatives from her team.  And then she chronicled how Defendant demoted Plaintiff despite her stellar performance.  Finally, she explained how Defendant claimed to have selected Plaintiff for demotion.

But the arbitrator sprinkled in some analysis along the way.  For example, she determined based on the company's "new direction" that the "message was clear: If you are an older worker, you were no longer valued or wanted."  And she reasoned that Plaintiff's age and medical issues presented the "opportunity to bring [leadership]'s vision of a youthful company to fruition."  The arbitrator also explained why she did not buy Defendant's reason for demoting Plaintiff, finding that Defendant manipulated the data in its sales-director assessment to disfavor Plaintiff and invented a reason to "move out an aged employee."  In the end, the arbitrator characterized Plaintiff's demotion as "inadequate, offensive[,] and discriminatory," and ruled in Plaintiff's favor on her age-discrimination claim.

Plaintiff then moved to confirm the award in the district court, while Defendant moved to vacate it.  The court confirmed the award, finding that the

arbitrator's findings reflected the applicable standard and even if the arbitrator did not "specifically state" all of her findings, the "totality of the opinion" evidenced them. It also rejected Defendant's argument that the arbitrator exceeded her powers by ignoring the agreement's requirement to detail essential findings and conclusions. Defendant appeals the court's confirmation of the award.

## II.

"We review de novo a district court's order vacating or enforcing an arbitration award." U.S. Energy Corp. v. Nukem, Inc., 400 F.3d 822, 830 (10th Cir. 2005) (citation omitted). But we give great deference to the arbitrator's decision so that we enforce "the strong federal policy favoring arbitration." See THI at Vida Encantada, LLC v. Lovato, 864 F.3d 1080, 1084 (10th Cir. 2017) (citations and internal quotation marks omitted). And we require Defendant to prove a statutory basis or "judicially created exception" for setting aside the arbitration award. Id. (citations omitted). Otherwise, § 9 of the FAA demands courts confirm arbitration awards. Id. (citation omitted).

Defendant relies on § 10(a)(4) of the FAA to challenge the arbitration award. That provision allows a district court to vacate an arbitration award when the arbitrator "exceeded [his or her] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made." 9 U.S.C. § 10(a)(4). "A party seeking relief under § 10(a)(4) 'bears a heavy burden.'" Lovato, 864 F.3d at 1084 (quoting Oxford Health Plans LLC v. Sutter, 569 U.S. 564, 569 (2013)). "Thus, in considering whether the arbitrator exceeded [her] powers, we

consider one question: whether the arbitrator arguably interpreted the parties'

contract, regardless of whether that interpretation was correct." Id. (citing Oxford,

569 U.S. at 571–72 ("[Section 10(a)(4)] permits courts to vacate an arbitral decision

only when the arbitrator strayed from [her] delegated task of interpreting a contract,

not when [s]he performed that task poorly.")).

Defendant also challenges the award based on a judicially created exception.

This exception allows us to vacate an arbitration award that evinces a "manifest

disregard of the law," by showing "willful inattentiveness to the governing law."

Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C., 430 F.3d 1269, 1275

(10th Cir. 2005) (citation and internal quotation marks omitted).  Such a finding

"means the record will show the arbitrator[ ] knew the law and explicitly disregarded

it."  Bowen v. Amoco Pipeline Co., 254 F.3d 925, 932 (10th Cir. 2001) (citation

omitted).

So even if we find the arbitrator committed serious error, we will not overturn

the decision so long as the arbitrator "arguably" construed or applied the contract and

acted within the scope of her authority.  Lovato, 864 F.3d at 1083 (quoting United

Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38 (1987)) (citing

Oxford, 569 U.S. at 569).  In other words, only extraordinary circumstances warrant

vacating an arbitration award.  Id. (citation omitted).  "[T]his highly deferential

standard has been described as 'among the narrowest known to the law.'"  Bowen,

254 F.3d at 932 (quoting ARW Expl. Corp. v. Aguirre, 45 F.3d 1455, 1462 (10th Cir.

1995)).  To sum up, then, we will not enforce an arbitration award "only when the

5

arbitrator strays from interpretation and application of the agreement and effectively 'dispenses [her] own brand of industrial justice.'" Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001) (per curiam) (brackets omitted) (quoting United Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960)).

III.

Defendant quarrels with the arbitrator's decision in two ways. First, it accuses the arbitrator of violating the parties' arbitration agreement by disregarding the causation standard Plaintiff needed to prove to win on her claims even though the agreement required her to follow settled law.[2] Second, it argues the arbitrator exceeded her powers by insufficiently explaining her findings and conclusions as the agreement instructed. According to Defendant, both alleged mistakes require us to vacate the arbitration award. We address each in turn.

A.

The ADEA prohibits employers from discriminating against employees because of their age. See 29 U.S.C. § 623(a)(1). To prove a prima facie case of age discrimination, a plaintiff must show: (1) she belongs to the class protected by the ADEA; (2) she suffered an adverse employment action; (3) she was qualified for the position at issue; and (4) her employer treated her less favorably than others not in

---

[2] Defendant argues the but-for standard discussed throughout this appeal should also apply to Plaintiff's ADA claim based on the weight of authority by other courts. We have yet to consider whether that standard applies to ADA claims, Doe v. Bd. of Cnty. Comm'rs of Payne Cnty., 613 F. App'x 743, 747 n.3 (10th Cir. 2015) (unpublished) (citation omitted), and find no reason to do so here given that question does not affect this case's result.

the protected class.  See Jones v. Okla. City Pub. Schs., 617 F.3d 1273, 1279 (10th

Cir. 2010) (citation omitted).

When a plaintiff supports her ADEA claim with circumstantial evidence, the

McDonnell Douglas "burden-shifting framework" applies.  Garrett v. Hewlett-

Packard Co., 305 F.3d 1210, 1216 (10th Cir. 2002) (citing McDonnell Douglas Corp.

v. Green, 411 U.S. 792 (1973)).  This framework requires the defendant to offer a

"legitimate, nondiscriminatory reason" for its adverse action after the plaintiff

presents her prima facie case.  Id.  If the defendant does so, the plaintiff has two

options: she "must either show that h[er] race, age, gender, or other illegal

consideration was a determinative factor in the defendant's employment decision, or

show that the defendant's explanation for its action was merely pretext."  Id.

(citation omitted).

The Supreme Court has established a but-for causation standard that a plaintiff

must prove to succeed on an ADEA discrimination claim.  Gross v. FBL Fin. Servs.,

Inc., 557 U.S. 167, 176 (2009) (citations omitted).  Evidence of but-for causation

requires "more than mere speculation, conjecture, or surmise."  Ward v. Jewell, 772

F.3d 1199, 1203 (10th Cir. 2014) (citation and internal quotation marks omitted).

But this does not mean a plaintiff must show that "age was the sole motivating factor

in the employment decision."  Jones, 617 F.3d at 1277 (citation omitted).  Instead, we

clarified after Gross that "an employer may be held liable under the ADEA if other

factors contributed to its taking an adverse action, as long as age was the factor that

made a difference."  Id. (citations and internal quotation marks omitted).

7

The arbitrator called Defendant's "argument that [Plaintiff] must show age discrimination was the 'but for' factor" for her age-discrimination claim "not correct and misleading." Defendant claims that this proves she manifestly disregarded Gross, requiring us to vacate the arbitration award. But even if the arbitrator used inartful language that could reasonably be construed as disregarding Gross, her analysis shows that she applied the correct standard. Throughout her decision, the arbitrator discussed Defendant's goal to get rid of older employees, Plaintiff's age, and Defendant's inability to offer a legitimate, nondiscriminatory reason to demote Plaintiff given her successful career as a sales director. The arbitrator applied the Gross standard to find in Plaintiff's favor on her age-discrimination claim, without saying so. Because the substance of her decision obeys Gross, she did not manifestly disregard the law.

Defendant also argues that the arbitrator's failure to recognize the "impossibility" of Plaintiff succeeding on both her ADEA and ADA claims proves she manifestly disregarded the but-for standard. The argument goes that if both claims require but-for causation, the two cancel each other out because two "but-for" reasons cannot exist for Defendant demoting her. First, as we noted earlier, we have not established that the Gross but-for standard applies to ADA claims. See supra n.2. But, more importantly, Defendant never brought this issue to the district court's attention. And we generally will not consider an issue on appeal that a party did not present below. See MacArthur v. San Juan Cnty., 309 F.3d 1216, 1225 (10th Cir.

8

2002) (citation omitted).  Defendant did not respond to this point in its reply brief, providing us no reason to shirk the usual rule.  So we will not consider this argument.

B.

Defendant finally argues that the arbitrator exceeded her powers by not complying with the agreement, which required her to put her award in writing, including the "essential findings and conclusions."  Defendant claims that the arbitrator's findings and conclusions were so thin that she purposefully made her decision unreviewable.  According to Defendant, the arbitrator's analysis leaves us to guess her thought process in finding Plaintiff proved her ADEA claim.

But we need not guess.  While her findings and conclusions may appear sparse, the arbitrator included all the analysis necessary to find Plaintiff successful on her ADEA claim.  She first explained how Plaintiff presented a prima facie case of age discrimination.  Appellee's Supp. App. at 24–25 ("She is a member of the class protected by the ADEA.  She suffered an adverse employment action[,] and she was qualified for the position from which she was constructively discharged.").  Then she walked through why she found Defendant failed to articulate a legitimate, nondiscriminatory reason for the demotion and constructive discharge: because despite Defendant claiming it used "objective nationwide criteria" to select sales directors for demotion, a subjective leadership assessment comprised 25% of that criteria and allowed Defendant to manipulate the data to justify demoting an older employee.  Id. at 29–30 ("Interestingly, [Plaintiff]'s 'leadership assessment' was

9

lowered after a revision to her score.  Thus, the assessment was manipulated to favor others and disfavor [Plaintiff].").

In short, Defendant ignores the key wording of the agreement; it only required the arbitrator to make *essential* findings and conclusions.  The arbitrator did just that. We thus will not vacate the award.

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge