BOWLES FINANCIAL GROUP,
INC., Plaintiff–Appellee,

v.

STIFEL, NICOLAUS & COMPANY,
INC., Defendant–Appellant.

No. 93–6113.

United States Court of Appeals,
Tenth Circuit.

April 26, 1994.

Larry D. Bishop (Jerry D. Sokolosky with him on the briefs), Oklahoma City, OK, for plaintiff-appellee.

Dino E. Viera (Burck Bailey with him on the briefs) of Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, OK, for defendant-appellant.

Before BALDOCK, BARRETT and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

The sole issue presented is whether an arbitration award should be vacated when the attorney for the prevailing party deliberately, intentionally, affirmatively and repeatedly communicated to the arbitrators an offer of settlement from the non-prevailing party in an effort to influence the arbitrators' decision. Jurisdiction is found in 28 U.S.C.A. § 1291 and 9 U.S.C.A. § 16(a)(1)(D). We hold, in the absence of any evidence indicating the arbitrators were influenced by the settlement offer, the arbitration award should be confirmed.

## BACKGROUND

The essential facts are not disputed. A quarrel arose between the parties as to the amount of compensation, if any, owed by Stifel, Nicolaus & Co. (Stifel) to Bowles Financial Group (Bowles). The matter was submitted to arbitration whose governing procedural rules gave arbitrators sole authority to determine materiality and relevance of proffered evidence. *Arbitration Information and Rules* § 24 (Muni. Secs. Rulemaking Board 1990). (Apt.App. at 74, 105.) Counsel for Bowles, an attorney, repeatedly submitted to the arbitrators an offer of settlement made earlier by Stifel. Counsel argued, *inter alia*, the settlement offer evidenced Stifel's admission of liability; the offer proved nonpayment; and the settlement offer evidenced a scheme to trick Bowles. The district court properly characterized the stated reasons as "preposterous." When questioned by this court during oral argument as to the reason for counsel's action, counsel candidly replied that the arbitration rules provide that the arbitrators shall determine the materiality and relevance of any evidence offered and are not bound by rules governing the admissibility of evidence. Counsel also indicated he routinely submitted settlement offers to the arbitrators in the cases where he represented clients in arbitration. In short, counsel felt he owed to his client the duty to communicate the settlement offer to the arbitrators. The arbitrators, after receiving the settlement offer commented they would not consider it and their decision would not be based upon having seen the settlement offer. The arbitrators subsequently awarded Bowles $300,000, which was more than the offer of settlement.

When presented with the issue, the district court expressed shock at counsel's affirmative actions in communicating the settlement offer to the arbitrators, but concluded, in light of the arbitrators' comments, that the arbitration hearing was not fundamentally unfair. The district court thus allowed the arbitration award to stand.

The losing party, Stifel, appeals and asserts, with the benefit of little authority, that if this action is allowed to stand no person will ever again make a settlement offer knowing the controversy will terminate in arbitration. This court agrees. Counsel in a similar context would be derelict in advising a client to make a settlement offer knowing the offer would be communicated to the arbitrators. The next panel of arbitrators may well believe the settlement offer is an admission of liability. However, this is not the issue before this court.

## DISCUSSION

The question before this court is whether deliberate, egregious, and repeated breaches of the judicial rules of evidence before an arbitration panel warrant the vacation of the arbitration award.

We commence by discussing what arbitration is and what it is not. Arbitration is a creature born of a contract between parties who are desirous of avoiding litigation in a court of law. Arbitration requires the parties agree to rules of arbitration. Frequently, rules of arbitration specifically exclude the application of judicial rules of evidence and, instead, the arbitrators determine the materiality and relevance of all evidence offered. Arbitrators are not judges of a court nor are they subject to the general superintending power of a court. Arbitration provides neither the procedural protections nor the assurance of the proper application of substantive law offered by the judicial system. Those who choose to resolve a dispute by arbitration can expect no more than they have agreed. One choosing arbitration should not expect the full panoply of procedural and substantive protection offered by a court of law. In short, "by agreeing to arbitrate, a party 'trades the procedures and opportunity for review of the courtroom for the [perceived] simplicity, informality, and expedition of arbitration.'" *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 29–33, 111 S.Ct. 1647, 1654–55, 114 L.Ed.2d 26 (1991) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 628, 105 S.Ct. 3346, 3354, 87 L.Ed.2d 444 (1985)); *see Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 481–82, 109 S.Ct. 1917, 1920, 104 L.Ed.2d 526 (1989).

Although courts have a limited function when called upon to confirm or vacate an arbitration award, such a review is necessary to ensure arbitrators comply with statutory requirements. *See Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 232, 107 S.Ct. 2332, 2340, 96 L.Ed.2d 185 (1987). Past decisions of this circuit have tacitly reviewed a district court's decision to confirm, vacate, or deny a motion to vacate an arbitration award, without reference to standard of review. We now expressly follow those circuits who review district court analysis of the arbitrators's satisfaction of statutory requirements de novo. *See Atlantic Aviation, Inc. v. EBM Group, Inc.,* 11 F.3d 1276, 1282 (5th Cir.1994); *Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.,* 991 F.2d 141, 145 (4th Cir.1993); *Employers Ins. of Wausau v. National Union Fire Ins. Co.,* 933 F.2d 1481, 1485 (9th Cir.1991). *But see Eljer Mfg., Inc. v. Kowin Dev. Corp.,* 14 F.3d 1250, 1254 (7th Cir.1994) ("restrictive standard of review is necessary to preserve ... benefits [of] arbitration"); *Brown v. Rauscher Pierce Refsnes, Inc.,* 994 F.2d 775, 780 (11th Cir.1993) (although review of decision to vacate is de novo, review of denial of motion to vacate is for abuse of discretion). To stress the narrowness of our review, however, we look solely to statutory and other legal requirements imposed upon arbitration contracts, proceedings and awards. Errors in the arbitrator's interpretation of law or findings of fact do not merit reversal under this standard, although we have recognized grounds to reverse an arbitrator's decision based on "manifest disregard of the law." *See Jenkins v. Prudential–Bache Secs., Inc.,* 847 F.2d 631, 634 (10th Cir.1988).

The Federal Arbitration Act allows a reviewing court to vacate an arbitration award in limited circumstances including "[w]here the award was procured by corruption, fraud or undue means"; "[w]here there [exists] evident partiality or corruption [by] the arbitrators"; where there existed specified misconduct by the arbitrators; or "[w]here the arbitrators exceeded their powers." 9 U.S.C.A. § 10. Appellant tacitly concedes none of the statutory grounds have been proven. A review of the record on appeal confirms none of the statutory grounds to vacate an arbitration award exist.

Appellant also asks this court to determine whether it received a fundamentally fair hearing and asserts it did not because the public policy of the judicial rules of evidence prohibits the communication of settlement offers to the fact finder.[1] Appellants asks us to presume prejudice when a settlement offer has been deliberately communicated to an arbitrator.

"[F]ederal courts have never limited their scope of review [of an arbitration award] to a strict reading of [9 U.S.C.A. § 10]." *Jenkins,* 847 F.2d at 633. Courts have created a basic requirement that an arbitrator must grant the parties a fundamentally fair hear-

---

1. Appellant's public policy argument is unclear. A judicially-created doctrine, the public policy exception provides an additional basis for reversing an arbitration award where the terms of the arbitration contract, either expressly or as interpreted by the arbitrators, violate public policy or where the award requires parties undertake some action in violation of public policy. *See United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 42–44, 108 S.Ct. 364, 373–374, 98 L.Ed.2d 286 (1987); *Seymour v. Blue Cross/Blue Shield,* 988 F.2d 1020, 1023 (10th Cir.1993). The decision to reverse an award must be based on "explicit conflict with other 'laws and legal precedents' rather than an assessment of 'general considerations of supposed public interests.'" *Misco,* 484 U.S. at 43, 108 S.Ct. at 373 (quoting *W.R. Grace & Co. v. Local Union 759, Int'l Rubber Workers of Am.,* 461 U.S. 757, 766, 103 S.Ct. 2177, 2183, 76 L.Ed.2d 298 (1983)).

Appellant does not argue terms of the arbitration contract or conditions of the award violate public policy, but instead argues conduct of Bowles's counsel to disclose a settlement offer is in direct conflict with judicial rules of evidence. Appellant is mistaken. The public policy exception does not extend to misconduct of counsel, nor has the Appellant demonstrated an explicit conflict with laws and legal precedent. Within the procedural rules of arbitration, Bowles's counsel was not bound by the condemnation of disclosure of settlement offers found in the judicial rules of evidence. Had Bowles's counsel done before a court of law what he did before the arbitrators, significant sanctions would have been imposed and a mistrial ordered. But however well-established may be the judicial rules of evidence, they legitimately did not apply to this arbitration. The general considerations of public interest beyond the rules do not amount to public policy under this exception.

ing, expressing the requirement in various forms. *Burchell v. Marsh*, 58 U.S. (17 Haw.) 344, 349, 15 L.Ed. 96 (1854) ("[i]f the award is within the submission, and contains the honest decision of the arbitrators, after a full and fair hearing of the parties, a court of equity will not set it aside for error, either in law or fact"). *Forsythe Int'l, S.A. v. Gibbs Oil Co.*, 915 F.2d 1017, 1020 (5th Cir.1990) ("In reviewing the district court's vacatur, we posit the ... question ... whether the arbitration proceedings were fundamentally unfair"); *Hoteles Condado Beach v. Union de Tronquistas Local 901*, 763 F.2d 34, 40 (1st Cir.1985) ("Vacatur is appropriate only when the exclusion of relevant evidence 'so affects the rights of a party that it may be said that he was deprived of a fair hearing'" (citation omitted)); *National Post Office Mailhandlers v. United States Postal Service*, 751 F.2d 834, 841 (6th Cir.1985) ("[T]he standard for judicial review of arbitration procedures is merely whether a party to arbitration has been denied a fundamentally fair hearing"); *Hall v. Eastern Air Lines, Inc.*, 511 F.2d 663, 663–64 (5th Cir.1975) ("Review is not absolutely foreclosed where petitioner alleges a denial of fundamental due process"); *Bell Aerospace Co. Div. of Textron v. Local 516, Int'l Union*, 500 F.2d 921, 923 (2d Cir.1974) ("an arbitrator need not [observe] all the niceties [of] federal courts.... [O]nly grant ... a fundamentally fair hearing").

The courts seem to agree that a fundamentally fair hearing requires only notice, opportunity to be heard and to present relevant and material evidence and argument before the decision makers, and that the decisionmakers are not infected with bias. *See Robbins v. Day*, 954 F.2d 679, 685 (11th Cir.) ("[T]he Federal Arbitration Act allows arbitration to proceed with only a summary hearing and with restricted inquiry into factual issues"), *cert. denied,* —— U.S. ——, 113 S.Ct. 201, 121 L.Ed.2d 143 (1992); *Employers Ins. of Wausau*, 933 F.2d at 1491 (fair hearing is based on notice, opportunity to be heard and to present evidence, and lack of biased decisionmaking); *Sunshine Mining Co. v. United Steelworkers of Am.*, 823 F.2d 1289, 1295 (9th Cir.1987) ("hearing is fundamentally fair if it meets the 'minimum requirements of fairness'—adequate notice, a

hearing on the evidence, ... impartial decision") (quoting *Ficek v. Southern Pacific Co.*, 338 F.2d 655, 657 (9th Cir.1964), *cert. denied,* 380 U.S. 988, 85 S.Ct. 1362, 14 L.Ed.2d 280 (1965)); *Hoteles Condado Beach,* 763 F.2d at 39 (arbitrator must give each party an adequate opportunity to present evidence and arguments).

Stifel has not proven it was subjected to a fundamentally unfair hearing. Conduct by Bowles' attorney was within the broad procedural rules of arbitration agreed to by Stifel. Courts have no power to draft a contract between the parties. The rules of arbitration agreed to by the parties do not explicitly condemn the communication of settlement offers to the arbitrators. What the reasons for this omission might be, this court does not know. It could be that the professionalism of counsel has previously prevented this problem from arising. In view of counsel's statement to this court during oral argument that he routinely conveys settlement offers to arbitrators, it could mean the arbitration rules mean what they say; i.e., the arbitrators will decide what evidence is material and relevant. This court has no power to judicially impose our rules of evidence on an arbitration proceeding.

Also, this court cannot ignore the comments of the arbitrators. The arbitrators stated the settlement offer would not be considered by them and their decision would not be based upon having seen the settlement offer. Undoubtedly the arbitrators were selected because of their reputations for truth and fairness and for their expertise. There exists no evidence in this record to show, or even indicate, that the decision of the arbitrators was not well grounded in either fact or law or that the settlement offer somehow influenced their decision. It would be improper for this court to speculate that knowledge of the settlement offer somehow trumps the arbitrators' statements to the contrary when there exists no evidence to support this conclusion.

We therefore conclude no factual evidence supports Appellant's contention that Stifel failed to receive a fundamentally fair hearing. The communication of a settlement offer to

arbitrators who declare they would ignore it, standing alone, does not produce a fundamentally unfair hearing.

## CONCLUSION

The result of this opinion may well be to encourage counsel to communicate settlement offers to arbitrators. This opinion might also encourage counsel to communicate other evidence to arbitrators which a court would regard as highly improper. This is for the parties to arbitration to decide and control as arbitration is possible only if the parties agree to arbitrate and how to arbitrate. A court can set aside an arbitration award only if one of the statutory or judicial grounds for vacation have been proven. The record shows proof of neither. We decline to adopt a rule that would ignore the statements of the arbitrators.

The judgment of the district court is **AFFIRMED.**