USCA1 Opinion

 

 United States Court of Appeals For the First Circuit ____________________ No. 97-1508 JOSE RAMIREZ-DE-ARELLANO, MARTA SUAREZ DE RAMIREZ DE ARELLANO AND THE CONJUGAL PARTNERSHIP CONSTITUTED BY THEM, Plaintiffs, Appellants, v. AMERICAN AIRLINES, INC., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Daniel R. Dominguez, U.S. District Judge] ___________________ ____________________ Before Stahl, Circuit Judge, _____________ Godbold,* Senior Circuit Judge ____________________ and Cyr, Senior Circuit Judge. ____________________ ____________________ Carlos A. Del Valle Cruz on brief for appellants. ________________________ Luis D. Ortiz Abreu, Vivian Nunez, and Goldman Antonetti & _____________________ _____________ _____________________ Cordova on brief for appellee. _______ ____________________ December 22, 1997 ____________________ _____________________ *Of the Eleventh Circuit, sitting by designation. Stahl, Circuit Judge. Jose Ramirez de Arellano Stahl, Circuit Judge _____ ("Ramirez"), together with his wife, child, and conjugal partnership, appeal from the district court's grant of summary judgment to American Airlines ("American") in this wrongful discharge and retaliatory dismissal action brought primarily under the Fair Labor Standards Act (FLSA) and Puerto Rico law.1 After carefully reviewing the record and considering Ramirez's arguments, we conclude that the district court properly awarded summary judgment to defendant. We prefer, however, not to rely on that portion of the district court's order which gave res judicata effect ___ ________ to American's internal grievance procedure. Instead, we choose to affirm on the grounds that Ramirez was dismissed for just cause under Puerto Rico law and that Ramirez failed to set forth sufficient evidence to trigger a presumption of discrimination or retaliation on the part of American. See ___ Polyplastics, Inc. v. Transconex, Inc., 827 F.2d 859, 860-61 ___________________ ________________ (1st Cir. 1987) (explaining that an appellate court can affirm on any independent ground made manifest in the record).  ____________________ 1. Ramirez's original district court claims included the FLSA claim for retaliatory dismissal, an age discrimination claim under Puerto Rico law, claims for wrongful and retaliatory dismissal under local severance law, and a defamation claim. Two of these claims are not included in the present appeal: the age discrimination claim, which Ramirez voluntarily dismissed, and the defamation claim, which the district court rejected on grounds of privilege.  -2- 2 American employed Ramirez from 1984-1997 as a ticket agent, and, later, as a baggage handler. After two written performance advisories, American terminated Ramirez, citing as reasons his failure to follow company time and attendance procedures and his attempt to circumvent company rules to his own benefit. Following his dismissal, Ramirez submitted a written grievance to American, pursuant to the internal grievance procedure set forth in the employee handbook. American upheld the termination and denied Ramirez an appeal on the basis of tardy application. Ramirez subsequently filed suit in Puerto Rico district court, and now appeals the order of summary judgment rejecting the FLSA claim on the merits and all other claims under the doctrine of res ___ judicata. See Ramirez v. American Airlines Inc., 957 F. ________ ___ _______ _______________________ Supp. 359 (D.P.R. 1997) (equating American's grievance procedure with a binding arbitration). We review the award of summary judgment de novo, __ ____ and draw all reasonable inferences in Ramirez's favor. Grenier v. Vermont Log Bldgs., Inc., 96 F.3d 559, 562 (1st _______ _______ _________________ Cir. 1996). The record is replete with documented illustrations of Ramirez's performance problems and repeated failure to follow American's policies and procedures. Moreover, American had given Ramirez two official advisories prior to his dismissal. Thus, there can be no basis for -3- 3 inferring that American's stated reason for the discharge was wrongful or pretextual under federal law. The result is no different under Puerto Rico law, which provides that an employee is not entitled to statutory wrongful discharge indemnity if the employee was terminated for just cause. P.R.Laws Ann.tit 29 185 et seq.  __ ____ Under Puerto Rico law, just cause for dismissal includes repeated violations of the employer's rules and regulations, provided that, as here, the employee has been provided with a written copy of the relevant policies and procedures. See P.R. Laws Ann. tit 29 185b; see also ___ ___ ____ Menzel v. Western Auto Supply Co., 662 F. Supp. 731, 744 ______ _________________________ (D.P.R. 1987), aff'd, 848 F.2d 327 (1st Cir. 1988). As noted _____ above, the record here admits of only one conclusion: Ramirez's repeated transgressions of company policy and procedures provided American with just cause for termination. Summary judgment was, therefore, properly granted to the defendant. Although summary judgment was properly awarded, we have some doubt about the district court's ruling that American's internal company grievance procedure, set forth in its employee handbook, is the legal equivalent of binding arbitration and, therefore, bars judicial resolution of potential statutory and constitutional claims. As Ramirez points out, there is little in the way of back and forth -4- 4 bargaining between a company and its employees when an employment handbook is created, making this situation distinguishable from the arbitration provisions of a collective bargaining agreement. This is especially so where, as here, the handbook expressly provides that it is not a contract between the parties and is subject to unilateral amendments by American at any time. Although the district court was correct in noting the existence of a strong federal policy favoring arbitration, the threshold question for review must always be whether the agreement to arbitrate was, indeed, voluntary and intentional. Mitsubushi Motors Corp. v. Solar Chrysler- ________________________ ________________ Plymouth Inc., 473 U.S. 614, 626 (1985). Given the ______________ apparently unilateral and adhesive nature of American's employee handbook, we do not embrace the argument that Ramirez voluntarily waived his right to pursue his claims in federal court.2  ____________________ 2. We note that two other Circuits have recently addressed this issue. In Nelson v. Cyprus Bagdad Copper Corp., 119 F.3d 756 (9th ______ ___________________________ Cir. 1997), the Ninth Circuit held that signing an acknowledgment form which provided that the employee agrees to "read and understand" a revised employee handbook did not serve to bind the employee to the handbook's internal grievance provisions. Id. at 761. The Ninth ___ Circuit reasoned that:  Merely signing the form did not in any way constitute a 'knowing agreement to arbitrate,' and thereby to surrender [the employee's] statutory right [under the ADA] to a judicial forum . . . Any bargain to waive the right to a judicial forum for civil rights claims, including those covered by the ADA, in exchange for employment or -5- 5 Moreover, we have strong concerns about the fundamental fairness of giving preclusive effect to the particular grievance procedure in this case. Arbitration proceedings must meet "the minimal requirements of fairness-- adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator." Sunshine Mining Co. v. United ___________________ ______ Steelworkers, 823 F.2d 1289, 1295 (9th Cir. 1987) (internal ____________ quotations and citations omitted); Bowles Fin. Group, Inc. v. _______________________ Stifel, Nicolaus & Co., Inc., 22 F.3d 1010, 1013 (10th Cir. _____________________________ 1994). First, with respect to notice, we are not convinced that Ramirez's application for a hearing was appropriately denied for untimeliness because it appears that American may  ____________________ continued employment, must at least be express: the choice must be explicitly presented to the employee and the employee must explicitly agree to waive the specific right in question. Id. at 761- ___ 62 (internal quotations and citations omitted).  Similarly, the Eighth Circuit recently instructed that the absence of such an express waiver precludes a finding that there has been a knowing agreement. See Patterson v. Tenet Healthcare, Inc., ___ _________ _______________________ 113 F.3d 832, 835 (8th Cir. 1997). The Patterson court upheld the _________ employee handbook arbitration provision because the arbitration clause was both separate and distinct from other provisions in the handbook and was introduced by the heading, "IMPORTANT! Acknowledgment Form."  Id. Unlike other provisions within the handbook, the arbitration ___ clause used contractual language, such as "I understand" and "I agree." Id. Moreover, the form was signed by the employee, removed ___ from the handbook, and given to the Human Resources Department to be stored in the employee's personnel file. Id. It was only because the ___ court deemed these actions in toto sufficient to render the __ ____ arbitration clause "separate and distinct" from the remainder of the handbook, that the court held that the internal grievance and arbitration clause constituted an enforceable contract. Id.  ___ -6- 6 have been equally, if not more, to blame for the late filing. Second, there was no opportunity for discovery. See Hoteles ___ _______ Condado Beach v. Union de Tronquistas Local 901, 763 F.2d 34, _____________ ______________________________ 39 (1st Cir. 1985)(instructing that an arbitrator must afford each party an adequate opportunity to present both evidence and argument); see also Williams v. Katten, 1996 WL 717447, ___ ____ ________ ______ at *4-5, (N.D. Ill. Dec. 9, 1996) (discussion of the permissible parameters of limited discovery in an arbitration proceeding). Third, the decision maker was not a disinterested party, but rather, an American managerial employee. See Employers Ins. of Wausau v. National Union ___ _________________________ ______________ Fire Ins. Co., 933 F.2d 1481, 1491 (9th Cir. __________________ 1991)(stipulating that fair arbitration proceedings must include non-biased decisionmakers). Finally, the record reveals that Ramirez was actually denied any review by a hearing officer or panel, which, following the district court's analysis, effectively rendered all of his claims res ___ judicata on the basis of one manager's view.3 ________  ____________________ 3. This is a distinctly different scenario from Garcia v. ______ American Airlines, Inc., 673 F. Supp. 63 (D.P.R. 1987), the ________________________ case upon which the district court relied for its res ___ judicata ruling. In Garcia, the employee utilized step two of ________ ______ American's grievance procedure and, while represented by counsel, had an opportunity to appeal his dispute to a stateside hearing officer. Id. at 66. In contrast, Ramirez ___ was denied any opportunity to present his claims to a hearing officer (step two) or panel (step three); he simply spoke with the General Manager, and was denied any further appeal.  -7- 7 Because American had ample just cause to terminate Ramirez's employment and Ramirez presented insufficient evidence to raise an inference of discrimination or retaliation, we uphold the award of summary judgment to American. Affirmed. No costs. Affirmed ________ -8- 8