FILED
United States Court of Appeals
Tenth Circuit

May 10, 2021

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

EDDIE M. KELLY,

     Plaintiff - Appellant,

v.

K12 INC.; OKLAHOMA VIRTUAL
CHARTER ACADEMY; AUDRA
PLUMMER; NICOLE ELLISON,

     Defendants - Appellees.

No. 20-7046
(D.C. No. 6:17-CV-00453-RAW)
(E.D. Okla.)

_____

ORDER AND JUDGMENT[*]
_____

Before **MORITZ**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

     Plaintiff Eddie M. Kelly sued her former employer and others for

discrimination, and the district court granted her employer's motion to compel

arbitration. The arbitrator granted summary judgment against Kelly, and the district

_____

     [*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

court confirmed the award and dismissed Kelly's claims against all the defendants. Exercising jurisdiction under 28 U.S.C. § 1291,[1] we affirm.

## I. BACKGROUND

Kelly was employed by K12 Inc. as a reading teacher at Oklahoma Virtual Charter Academy (OVCA),[2] a public charter school. K12 provided services to OVCA, including providing teachers like Kelly. Kelly's employment with K12 was subject to an arbitration agreement that required arbitration of all disputes "arising from or relating to [Kelly's] employment or the termination of [her] employment." R. at 42. The agreement further provided it was governed by the Federal Arbitration Act (FAA) and Virginia law.

K12 terminated Kelly's employment in March 2016, and she filed a lawsuit alleging civil rights violations against K12, OVCA, and two of Kelly's supervisors, Audra Plummer and Nicole Ellison. The district court granted K12's motion to compel arbitration, and Kelly proceeded to arbitration only against K12. The arbitrator granted summary judgment in K12's favor and dismissed Kelly's claims with prejudice.

---

[1] We issued an order instructing Kelly and Defendant Oklahoma Skynet (d/b/a Oklahoma Virtual Charter Academy) to address whether the district court's order was final as to all parties and claims. *See* 28 U.S.C. § 1291 (granting courts of appeal jurisdiction "of appeals from all final decisions"). We conclude that the order was final, and we therefore have jurisdiction to address this appeal.

[2] OVCA is a trade name used by Oklahoma Skynet, which answered Kelly's claims against OVCA. Because the district court used the trade name to refer to this defendant, we will do the same.

2

K12 then moved the district court to confirm the award and dismiss Kelly's lawsuit. Kelly opposed the motion, and sought to amend her claims against OVCA, Plummer, and Ellison. Plummer and Ellison moved to dismiss Kelly's claims against them on the merits and also argued the claims against them were foreclosed by the arbitrator's decision.

The district court found no grounds to vacate, modify, or correct the arbitrator's decision, and therefore confirmed the arbitration award. The district court also held the arbitration agreement applied to the claims against the remaining defendants and dismissed them as well. This appeal followed.

## II. DISCUSSION

### A. Arbitration Award

"Our review of the [arbitrator's] decision under the FAA is strictly limited; this highly deferential standard has been described as among the narrowest known to the law." *Bowen v. Amoco Pipeline Co.*, 254 F.3d 925, 932 (10th Cir. 2001) (internal quotation marks omitted). A court may grant a motion to vacate an arbitration award only under very limited circumstances, including violation of public policy. *Denver & Rio Grande W. R.R. v. Union Pac. R.R.*, 119 F.3d 847, 849 (10th Cir. 1997).

Kelly asserts the district court erred in confirming the arbitration award for two reasons. First, she contends the award violated public policy based on her allegation that K12 uses uncertified staff, thus impacting special education students. It is unclear, however, how this allegation connects to the arbitrator's grant of summary judgment. The public policy exception applies "where the terms of the

3

arbitration contract . . . violate public policy or where the award requires parties undertake some action in violation of public policy." *Bowles Fin. Group, Inc. v. Stifel, Nicolaus & Co.*, 22 F.3d 1010, 1012 n. 1 (10th Cir. 1994). Kelly makes no such allegation here and therefore has not shown that the public policy exception applies here.

Second, Kelly claims there was no valid contract because after the arbitration she found a second version of the arbitration agreement, suggesting that K12 secretly attempted to alter the agreement. But this alleged second version was never presented to the district court and is not part of the record on appeal. Although Kelly has attempted to supplement the record pursuant to Fed. App. R. 10(e), that rule "does not grant a license to build a new record" by supplementing the record on appeal with documents that were not before the district court. *United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000) (internal quotations marks omitted). The district court did not err in finding there was a valid arbitration agreement.

In sum, we hold the district court correctly upheld the arbitrator's grant of summary judgment against Kelly.

**B.  Nonsignatories to Arbitration Agreement**

A nonsignatory to an arbitration agreement can enforce an arbitration clause under the doctrine of equitable estoppel. *See Thomson-CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773, 778 (2d Cir. 1995). Under this theory, a signatory may be required to arbitrate with a nonsignatory when the signatory alleges substantially interdependent and concerted misconduct by both the nonsignatory and the signatory

4

to the contract.  *See, e.g., MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947-48 (11th Cir. 1999).  Here, Kelly's claims against OVCA, Plummer, and Ellison were not merely interdependent, but based on the exact same operative facts as her claims against K12.  It was therefore appropriate to require Kelly to arbitrate with the non-signatories to the arbitration agreement, and we affirm their dismissal on that ground.

### III.  CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.  We deny Kelly's motion to supplement the record.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

5