Filed 11/15/21  Vyas v. Vyas CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SUJATA VYAS,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>BHASKAR CHANDRAKANT VYAS,<br><br>    Defendant and Respondent. | G059409<br><br>(Super. Ct. No. 30-2019-01049369)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, James Di Cesare, Judge.  Affirmed.

Mirch Law Firm, Kevin J. Mirch and Marie C. Mirch for Plaintiff and Appellant.

Barton Klugman & Oetting, Joseph Carpello and Terry L. Higham for Defendant and Respondent.

\*        \*        \*

Sujata Vyas petitioned to confirm an arbitration award against her ex-husband, Bhaskar Vyas,[1] which was obtained by default due to Bhaskar not appearing at the arbitration. Well, there was a good reason for that. None of the pleadings were served at his current address. To the contrary, most of the pleadings in the case were "served" on Bhaskar at *Sujata*'s home, where Bhaskar had not lived for several years. The court found Bhaskar had no actual notice of the arbitration and set the award aside. We affirm.

## FACTS

Sujata and Bhaskar were married in 1981. During the course of the marriage, Bhaskar worked primarily as an engineer, but he engaged in part-time work as a stockbroker between 1992 and 1997. The parties divorced in 2009. Sujata bought out Bhaskar's separate property interest in the residence, and in 2011 Bhaskar moved to Seattle for work.

In 2015, Sujata filed a "Statement of Claim" with the Financial Industry Regulatory Authority (FINRA), arising out of Bhaskar working as a stockbroker during their marriage. FINRA claims are subject to arbitration and initiated online. FINRA was required to effectuate service on Bhaskar. Sujata provided FINRA an address for Bhaskar that was a post office box. The petition additionally named Bhaskar's former employers; First Affiliated Securities and Interfirst Capital Corporation. Early in the arbitration proceeding Interfirst Capital Corporation was dismissed on the ground that any wrongdoing occurred prior to 2001, and there was a six-year statute of limitations that barred Sujata's claim. First Affiliated Securities made no appearance.

---

[1] We refer to the parties by their first names for the sake of clarity and intend no disrespect.

2

The only arbitration documents "served" on Bhaskar were served by FINRA itself. The 18 documents "served" were sent to one of two addresses: Fourteen of the documents were mailed to *Sujata's* residence, and the remaining were mailed to a house where Bhaskar had not lived in for two years and that had been demolished.[2] The actual service of the "Statement of Claim" was sent by certified mail to Sujata's address and was returned "refused." The actual award was likewise "served" on Bhaskar at Sujata's home. Sujata testified that she forwarded "the FINRA action" to Bhaskar, but the trial court found that testimony lacked credibility. Meanwhile, even though Sujata and her same counsel were litigating both state and federal court cases against Bhaskar, they never served Bhaskar's counsel with a courtesy copy of any of the arbitration documents.

In late 2016, counsel for Sujata sent an e-mail to the attorney representing Bhaskar in the state and federal litigation, notifying him of a FINRA matter and stating that FINRA had not received any response from Bhaskar. She asked for a current address or for Bhaskar's attorney to accept service on his behalf. Bhaskar's attorney responded that he was not authorized to accept service, and "[o]bviously, [he could not] provide [her] with any of [Bhaskar's] personal information." He went on to inform Sujata's attorney that the 2009 dissolution judgment, that divided the community property, included a broad waiver and release provision, including a Civil Code section 1542 waiver, and any FINRA claims would be subsumed within the divorce judgment.

Bhaskar never made an appearance at the arbitration. Notwithstanding the fact that the arbitrator had dismissed the petition against one of his former employers on the ground that it was barred by the statute of limitation, it entered a default award against Bhaskar in the amount of $107,865 in October 2017.

---

[2] It is unclear why none of the documents were sent to the post office box Sujata had provided to FINRA.

In March 2020, Sujata petitioned the court to confirm the arbitration award. Bhaskar opposed on multiple grounds, including that he had never been served with the notice of claim or the default filings in the arbitration. In connection with his opposition, Bhaskar filed a declaration stating that he was never served with any paperwork related to the FINRA arbitration, including the "Statement of Claim," until he was served with the present petition to confirm the award. Bhaskar declared that he would have defended the matter had he been alerted to it. To support that claim, he declared that he had been sued three times by Sujata since 2011, twice in superior court, and once in federal court. He not only defended all three matters, but he prevailed in all three, paying Sujata nothing.

After hearing oral argument, the court denied the petition to confirm the arbitration award, finding "it is more likely than not that [Bhaskar] was never served with notice of the arbitration." The court also found Bhaskar had neither actual nor constructive notice of the arbitration. It thus concluded the award had been "'procured by corruption, fraud, or undue means'" under title 9 of the United States Code section 10(a)(1). It thus could not be confirmed and was set aside. Sujata appealed.

## DISCUSSION

Sujata's appeal raises two primary issues: first, she contends Bhaskar's opposition to the petition to confirm the arbitration award was untimely; second, she contends "inadequate notice is not grounds for vacating an arbitration award." "On appeal from an order vacating an arbitration award, we review the trial court's order (not the arbitration award) under a de novo standard. [Citation.] To the extent that the trial court's ruling rests upon a determination of disputed factual issues, we apply the substantial evidence test to those issues." (*Malek v. Blue Cross of California* (2004) 121 Cal.App.4th 44, 55-56.) Because Sujata has not leveled a substantial evidence challenge, we accept all of the court's factual findings as conclusive.

4

1. Timeliness

Sujata contends Bhaskar's opposition to the petition to confirm the arbitration award was untimely under Code of Civil Procedure section 1288, which provides, "A petition to vacate an award or to correct an award shall be served and filed not later than 100 days after the date of the service of a signed copy of the award on the petitioner." (*Ibid.*) This also applies to oppositions to confirm an award. (*Klubnikin v. California Fair Plan Assn.* (1978) 84 Cal.App.3d 393, 398 ["If [the party who lost in the arbitration does] not serve and file a petition to vacate or a response to [a] petition to confirm within the 100-day period from the date of service of the award . . . , the award must be treated as final"].)[3]

Importantly, the 100 days do not start running until "the date of the service of a signed copy of the award on the petitioner." (Code Civ. Proc., § 1288.) Sujata insists this occurred on October 25, 2017, when FINRA mailed the award to *her house*. It should go without saying that service cannot be completed on a party by serving the opposing party. Moreover, the court did not credit Sujata's claim that she forwarded the "FINRA action"—whatever that means—to Bhaskar. Instead, the court found Bhaskar was first served with the award on April 27, 2020, when he was served with the petition to confirm the award which was supported by Bhaskar's declaration. Sujata does not challenge the evidence supporting the court's findings, and thus those findings are conclusive on appeal. Bhaskar served his response on June 26, 2020, well within the 100-day time limit. Accordingly, his opposition to the petition to confirm the arbitration award was timely.

---

[3] There seems to be disagreement among the parties about whether Code of Civil Procedure section 1288 applies or the corresponding federal rule (9 U.S.C. § 12) which provides a three-month period to vacate an arbitration award. We take no position on the matter and simply address the argument as Sujata framed it, which is under Code of Civil Procedure section 1288.

2.  Lack of Notice

Next, Sujata contends that "[i]nadequate notice is not grounds for vacating an arbitration award."  The Federal Arbitration Act (9 U.S.C. § 1 et seq.) applies to this question because the arbitration arises out of a stock brokerage account, which involves interstate commerce.  (*Mastick v. TD Ameritrade, Inc.* (2012) 209 Cal.App.4th 1258, 1263.)

Under federal law, an arbitration award may be vacated "where the award was procured by corruption, fraud, *or undue means*."  (9 U.S.C. § 10(a)(1), italics added.)  "'[F]ederal courts have never limited their scope of review [of an arbitration award] to a strict reading of [9 U.S.C.A. § 10].'  [Citation.]  Courts have created a basic requirement that an arbitrator must grant the parties a fundamentally fair hearing, expressing the requirement in various forms."  (*Bowles Financial Group v. Stifel, Nicolaus & Co.* (10th Cir. 1994) 22 F.3d 1010, 1012-1013.)  "The courts seem to agree that a fundamentally fair hearing requires only *notice*, opportunity to be heard and to present relevant and material evidence and argument before the decision makers, and that the decisionmakers are not infected with bias."  (*Id*. at p.  1013, italics added.)  Although federal courts do not necessarily require strict compliance with the letter of a notice provision in an arbitration agreement, the parties must have, at minimum, actual or constructive notice.  (*21st Financial Serv's v. Manchester Financial Bank* (5th Cir. 2014) 747 F.3d 331, 336-337.)  As these authorities make clear, Sujata is simply wrong:  an arbitration award can be vacated for lack of notice.

Here, the arbitration award both prejudicially deprived Bhaskar of his fundamental due process right to notice and was procured by undue means.

With regards to notice, the court found Bhaskar did not have actual notice of the arbitration proceeding.  We must defer to that finding, which is supported by Bhaskar's declaration.  The court also found Bhaskar did not have constructive notice.  That finding is supported by substantial evidence.  Although the FINRA arbitration was

6

mentioned in passing in certain pleadings associated with the multiple lawsuits Sujata filed against Bhaskar, the court found none of those mentioned the time or place for the arbitration hearing. Bhaskar's attorney acknowledged that he was made aware of the arbitration in 2016, but his only knowledge was that the arbitrator had dismissed the case based on the statute of limitations, which he assumed would apply to Bhaskar as well. Moreover, we would add that generally speaking, a party has no obligation to respond to a legal proceeding in the absence of service. Mere awareness that a complaint has been filed does not trigger a duty for the defendant to investigate the matter and file a response. If a plaintiff chooses not to serve the complaint (or, in this case, the "Statement of Claim"), the natural presumption is that the plaintiff chose not to proceed with the matter. The burden of properly serving and notifying a defendant is on the plaintiff, not the defendant.

With regard to undue means, Sujata knew FINRA was mailing notices, addressed to Bhaskar, to the wrong address—they were being sent to her address! Yet there is nothing in the record to suggest that she notified FINRA of that fact. Moreover, to the extent she claims she had the ability to forward mail to Bhaskar, she would also have had the ability to correct FINRA's mailing address on file for Bhaskar, which never happened. She did not provide a courtesy copy of any documents to either Bhaskar or his attorney, nor provide notice that a default was imminent. Sujata's concealment from FINRA that notices addressed to Bhaskar were being mailed to her address constituted undue means for procuring the arbitration award. Accordingly, the court did not err in setting aside the arbitration award.

3. Remaining Contentions

Sujata contends the evidence was insufficient to support vacating the arbitration award based on fraud. However, the trial court did not base its ruling on fraud, nor do we, and thus we need not address that issue. Sujata also contends the court

7

erred in failing to rule on her objections to certain exhibits attached to Bhaskar's declaration. However, she fails to make any argument regarding prejudice and thus forfeited the issue. (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106 ["our duty to examine the entire cause arises when and only when the appellant has fulfilled his duty to tender a proper prejudice argument"].) In any event, it appears the exhibits were merely illustrative of Bhaskar's testimony, which Sujata did not object to, and thus the exhibits were not prejudicial. Accordingly, there could be no reversible error in the court's failure to rule on those objections.

## DISPOSITION

The judgment is affirmed. Bhaskar shall recover his costs incurred on appeal.

MARKS, J.*

WE CONCUR:

O'LEARY, P. J.

GOETHALS, J.

*Judge of the Orange Super. Ct., assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.