**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**April 3, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

---

LINDA FRENCH, an individual,

 Petitioner - Appellant,

v.

U.S. CENTER FOR SAFESPORT, a
Colorado non-profit corporation,

 Respondent - Appellee.

No. 25-1075
(D.C. No. 1:24-CV-02138-GPG-KAS)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **BACHARACH** and **MORITZ**, Circuit Judges, and **SHELBY**,
District Judge.[**]

---

This appeal arises out of an athletic body's suspension of its former

president for failing to report allegations of sexual abuse, firing an

---

[*] Oral argument would not materially help us decide this appeal, so we
have decided the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).

This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. But the
order and judgment may be cited for its persuasive value if otherwise
appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[**] The Honorable Robert J. Shelby, United States District Judge for the
District of Utah, sitting by designation.

employee to retaliate for reporting the abuse, and neglecting to redact private information. The suspension was reviewable through arbitration. *See* 36 U.S.C. § 220541(c)(1).

Under the athletic body's rules, the arbitrator needed to give "appropriate weight" to an investigative report. Appellant's App'x vol. 7, at 1066 (Rule 26(b), SafeSport Code for the Olympic & Paralympic Movement). The arbitrator complied, but the former president argues that the arbitrator improperly considered the report. We disagree.

## 1.    An athletic body suspends its president.

The athletic body was the United States Center for SafeSport, which is a statutory organization that investigates allegations of misconduct by participants in U.S. Olympic and Paralympic events. 36 U.S.C. § 220541(a)(1)(B). The Center's president was Ms. Linda French. Under the Center's rules, Ms. French

- needed to promptly report allegations of sexual abuse against coaches and redact identifying information when complying with subpoenas and

- could not retaliate against employees for reporting sexual abuse.

The Center concluded that Ms. French had violated these rules and suspended her for five years, with a two-year probationary period to follow. Ms. French could challenge the suspension through arbitration, and she exercised that right.

2

The applicable rules required the Center to compile an investigative report and to submit it to the arbitrator. The Center complied, and Ms. French testified about her disagreements with the report. With this testimony and the investigative report, the arbitrator upheld the suspension, finding that the Center hadn't erred in finding that the president

- failed to report allegations of sexual abuse,

- fired an employee to retaliate for reporting the abuse, and

- failed to redact information provided to Congress.

The district court confirmed the arbitrator's award, and Ms. French appeals.

## 2. Ms. French hasn't shown misconduct or a failure to conduct a fair hearing.

In assessing the district court's confirmation of an arbitration award, we conduct de novo review of legal questions and apply the clear-error standard to factual findings. *THI of New Mexico at Vida Encantada, LLC v. Lovato*, 864 F.3d 1080, 1083 (10th Cir. 2017). But we don't consider the merits of the arbitrator's decision, including "asserted errors in determining the credibility of witnesses [and] the weight to be given their testimony." *Sterling Colo. Beef Co. v. United Food and Commercial Workers, Local Union No. 7*, 767 F.3d 718, 720 (10th Cir. 1985) (quoting *Amalgamated Butcher Workmen v. Capitol Packing Co.*, 413 F.2d 668, 672

3

(10th Cir. 1969)). We instead consider only whether the arbitrator committed prejudicial misconduct or failed to provide a fundamentally fair hearing. *See ARW Expl. Corp. v. Aguirre*, 45 F.3d 1455, 1462–63 (10th Cir. 1995) (narrow standard of review); 9 U.S.C. § 10(a)(3) (prejudicial misconduct); *Bowles Fin. Group, Inc. v. Stifel, Nicolaus & Co., Inc.*, 22 F.3d 1010, 1012–14 (10th Cir. 1994) (fundamentally fair hearing). "[A] fundamentally fair hearing requires only notice, opportunity to be heard and to present relevant and material evidence and argument before the decision makers, and that the decisionmakers are not infected with bias." *Bowles*, 22 F.3d at 1013.

Ms. French claims misconduct and a lack of fundamental fairness because the arbitrator relied on the Center's investigative report. But the Center's rules required the arbitrator to give "appropriate weight" to that report. Appellant's App'x vol. 7, at 1066 (Rule 26(b), SafeSport Code for the Olympic & Paralympic Movement).

Despite these rules, Ms. French complains that the report constituted *hearsay*. But the Center's rules permitted consideration of hearsay. *Id.* at 1066 (Rule 26(a), SafeSport Code for the Olympic & Paralympic Movement). Under these rules, the arbitrator could consider the investigative report even if it constituted *hearsay*. The Center's rules thus allowed the arbitrator to consider the investigative report.

4

Ms. French points out that she testified on her own behalf. But her testimony wasn't recorded or transcribed,[1] so we have no way to compare her testimony with the Center's investigative report. And even if we could compare Ms. French's testimony to statements in the investigative report, we couldn't disturb the arbitrator's decision to rely on the report instead of Ms. French's testimony. *See Sterling Colo. Beef Co. v. United Food and Commercial Workers, Local Union No. 7*, 767 F.3d 718, 720 (10th Cir. 1985).

Finally, Ms. French contends that the arbitrator deprived her of a fair hearing by shifting the burden of proof to her. We disagree. The arbitrator

- observed that the Center needed to "prove its allegations by a preponderance of the evidence" and

- applied that standard.

Appellant's App'x vol. 2, at 55, 55–58. By applying this standard, the arbitrator didn't shift the burden of proof. So we reject Ms. French's contention.

### 3.    Ms. French hasn't shown an error in district court.

Ms. French challenges not only the arbitrator's decision but also the district court's decision to grant judgment based on the arbitration. This

---

[1]    Ms. French had the option to have the arbitration recorded. Appellant's App'x vol. 7, at 1069 (Rule 28(g)(ii), SafeSport Code for the Olympic & Paralympic Movement). But Ms. French didn't ask the arbitrator to record the arbitration or to allow transcription.

challenge involves out-of-court statements by a former Center employee, Mr. Alistair Casey. Mr. Casey's out-of-court statements appeared in the investigative report, and the arbitrator relied on many of these statements.

Ms. French argued in district court that the arbitrator shouldn't have relied on these statements because she had no chance to cross-examine Mr. Casey. The district court rejected this argument, reasoning that Ms. French had apparently declined to subpoena Mr. Casey, thinking that he would testify for the Center. Ms. French argues that this reasoning is incorrect because she didn't want Mr. Casey to testify.

This argument is self-defeating: If Ms. French didn't want Mr. Casey to testify, the inability to obtain a subpoena wouldn't matter. Without either side wanting Mr. Casey to testify, the arbitrator would need to decide the case based on the investigative report and Ms. French's testimony. So the district court's reasoning couldn't have tainted the ruling.

Ms. French also faults the district court for concluding that

- she needed to compel Mr. Casey to testify and

- she could subpoena him.

But Ms. French mischaracterizes the district court's reasoning. The court didn't find that Ms. French had to present testimony or that she could subpoena Mr. Casey. Instead, the court just observed that Ms. French hadn't offered Mr. Casey's testimony. That observation was accurate—

Ms. French didn't offer Mr. Casey's testimony. This observation didn't render the arbitration fundamentally unfair.

Finally, Ms. French argues that the district court didn't require the Center to prove a violation of the Center's rules. We disagree. The court deferred to "the arbitrator's credibility determinations, his weighing of the evidence, and his view of the facts." Appellant's App'x vol. 9, at 1210. And the arbitrator had found that the Center proved its allegations. *Id.* vol. 1, at 55–58. So the district court, like the arbitrator, understood that the Center had the burden of proof and didn't err in applying that burden.

\* \* \*

The arbitrator didn't err in considering the investigative report or Mr. Casey's statements. So we affirm the district court's confirmation of the arbitration award.

Entered for the Court

Robert E. Bacharach
Circuit Judge

7